IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CONNIE J. THOMSEN, | ) | Civil Action No. 8:08CV120 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ALEGENT HEALTH, a Nebraska non-profit corporation; and ALEGENT HEALTH – IMMANUEL MEDICAL CENTER, a Nebraska non-profit corporation, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT; DEMAND FOR JURY TRIAL**

**I.  INTRODUCTION AND STATEMENT OF JURISDICTION**

1.  This is an action brought pursuant to 42 U.S.C. § 12101 *et seq.*, commonly known as the "Americans with Disabilities Act" (or "ADA"), against Alegent Health ("Alegent") and Alegent Health – Immanuel Medical Center ("Immanuel"), non-profit corporations organized and existing pursuant to the laws of the State of Nebraska.  Jurisdiction is based upon 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

2.  It is alleged Alegent and Immanuel violated the ADA because (1) Plaintiff was disabled within the meaning of the ADA when she was employed at Alegent and Immanuel; (2) Plaintiff, with reasonable accommodations, remained qualified to perform the essential functions of her position of employment at Alegent and Immanuel; and (3) Alegent and Immanuel failed to reasonably accommodate Plaintiff and instead terminated her employment because of her disability.

## II.  ADMINISTRATIVE PREREQUISITES

3.  Pursuant to 42 U.S.C. § 2000e-5, Plaintiff first duly filed the ADA claim contained herein with the U.S. Equal Employment Opportunity Commission, Kansas City Area Office ("Commission").  In reply, the Commission mailed to Plaintiff a "Notice of Right to Sue" on December 21, 2007.  The date of Plaintiff's receipt of the "Notice of Right to Sue" is December 24, 2007.

## III.  PARTIES

4.  Plaintiff is currently, and at all times material hereto was, a resident of Fremont, Dodge County, Nebraska.  At all times material hereto, Plaintiff was an employee for the purposes of the ADA.

5.  Alegent and Immanuel are currently, and at all times material hereto were, non-profit corporations organized and existing pursuant to the laws of the State of Nebraska.  Alegent, as part of its umbrella healthcare system, controls Immanuel.  At all times material hereto, Alegent and Immanuel were both employers for the purposes of the ADA.

## IV.  FACTS

6.  Prior to her termination of employment, Plaintiff had worked for nearly six (6) years as a "medical records technician" at Alegent and Immanuel.

7.  In general terms, an Alegent and Immanuel "medical records technician" processes medical records and releases them to, and retrieves them for, various departments within the medical facility.  More specifically, the essential functions of the position—as identified in an ergonomics report prepared for Alegent and

Immanuel on December 21, 2006—include "lifting and transporting patient charts," "sorting through and lifting charts," and transporting charts "to other departments within the hospital on a frequent basis." Further still, according to Alegent's and Immanuel's written description of the "medical records technician" position, the responsibilities and physical demands of the position include squatting, crawling, kneeling, carrying, and lifting.

8. On or about September 28, 2006, while working at Alegent and Immanuel, Plaintiff suffered an injury to her left knee.

9. Plaintiff's above-referenced work-related injury to her left knee aggravated her pre-existing, medically-assessed arthrosis.

10. Due to the above-referenced complications with her left knee, Plaintiff's physician, on October 11, 2006, placed temporary physical limitations on her ability to work as follows: sit: continuous; stand: occasional; walk: minimal; kneel: never; climb: never; and crawl: never. Plaintiff's physician also recommended that Plaintiff "limit chart runs to one a day" and that she perform only within the "sedentary work category" when moving objects. Plaintiff's physician, at Alegent's and Immanuel's request, reduced these physical limitations to writing and forwarded the writing to Alegent and Immanuel for their review.

11. On October 23, 2006, Plaintiff's physician completed a form indicating Plaintiff could return to work on October 23, 2006, with the temporary physical limitations that she do "no squatting or kneeling" and that she "<u>must</u> use cart for chart runs." On a separate October 23, 2006, form, Plaintiff's physician placed

temporary physical limitations on her ability to work as follows:  sit:  continuous; stand:  occasional; walk:  minimal; kneel:  minimal; climb:  minimal; crawl:  never; and stoop/squat/crouch:  minimal.  Plaintiff's physician imposed such temporary physical limitations due to Plaintiff's above-referenced knee complications.  Plaintiff and/or her physician shared each of these forms with Alegent and Immanuel.

12. On December 4, 2006, Plaintiff's physician imposed the following permanent physical limitations on Plaintiff's ability to work due to her above-referenced knee complications:  climb:  never; and crawl:  never. Plaintiff's physician again noted Plaintiff "needs to use cart to transport charts."  Plaintiff's physician reduced these permanent limitations to writing on an Alegent- and Immanuel-provided "Ability-to-Work Form" on December 4, 2006 and forwarded the form to Alegent and Immanuel for their review.

13. After Alegent and Immanuel received the above-referenced December 4, 2006, form, an Alegent and Immanuel representative, Amy I. Galvan, requested of Plaintiff's physician that he clarify whether the physical limitations referenced in the foregoing Paragraph 12 were indeed permanent in nature or whether they were to remain in effect only until Plaintiff's February 26, 2007, appointment with the physician.

14. In reply to Alegent's and Immanuel's request for clarification referenced in the foregoing Paragraph 13, Plaintiff's physician replied that the limitations referenced in the foregoing Paragraph 12 were indeed permanent in nature.  At the

same time, the physician once again told Alegent and Immanuel Plaintiff "is also to use a cart when transporting stacks of charts."

15. Once it was clear to Alegent and Immanuel that Plaintiff could work only within the parameters of the above-referenced permanent physical limitations, Alegent and Immanuel informed Plaintiff she would be terminated because, according to them, the permanent limitations rendered her unable to do her job as "medical records technician." More specifically, Mr. James Harwood, one of Plaintiff's supervisors, told Plaintiff she would be terminated because of the permanent physical limitations. Further, Mr. Philip Stegmaier, the manager of workers compensation issues at Alegent and Immanuel, told Plaintiff, "You need to have all restrictions taken off in order to save your job," or words of similar effect.

16. Alegent and Immanuel terminated Plaintiff on February 2, 2007, due to her knee complications referenced in the foregoing Paragraph 9 and her permanent physical limitations referenced in the foregoing Paragraph 12.

17. Due to the knee complications referenced in the foregoing Paragraph 9 and the permanent physical limitations placed upon her because of such complications, Plaintiff has remained unemployed since February 2, 2007, despite having looked for work.

### V. CAUSE OF ACTION: VIOLATION OF ADA

18. Plaintiff incorporates herein as if fully set forth the foregoing Paragraphs 1 through 17.

19. Plaintiff's left knee complications and the permanent physical limitations those complications imposed upon her when Alegent and Immanuel terminated her on February 2, 2007, rendered her disabled for the purposes of the ADA for any of the following alternative reasons:

    a. Such knee complications and the permanent physical limitations therefrom rose to the level of a physical impairment that substantially limited Plaintiff's major life activities, such as performing manual tasks, carrying, lifting, and working;

    b. Plaintiff had a record of such physical impairment at the time of her termination on February 2, 2007; or

    c. Alegent and Immanuel regarded Plaintiff as having had such an impairment when they terminated her on February 2, 2007.

20. Even with her above-referenced disability, Plaintiff remained qualified on February 2, 2007, to perform the essential functions of her "medical records technician" with the following reasonable, simple, and inexpensive accommodations Alegent and Immanuel had already devised in an ergonomics report they shared with Plaintiff prior to her termination: lift and transfer charts in manageable loads; transport charts within the hospital with the use of a cart; and use an inexpensive, adjustable stool in lieu of kneeling in order to retrieve charts from the floor.

21. Alegent and Immanuel, however, acted with reckless indifference to Plaintiff's ADA rights, made no good faith offer whatsoever to accommodate

Plaintiff in any of the ways identified in the foregoing Paragraph 20, and simply terminated her due to her disability.

## VI.  PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment against Alegent and Immanuel as follows:

   a. Compensatory damages as allowed by law under the circumstances;

   b. Punitive damages as allowed by law under the circumstances;

   c. Back pay, together with interest thereon;

   d. Front pay or reinstatement;

   e. Attorney's fees;

   f. Expert fees;

   g. Costs; and

   h. Any further relief the Court deems just and equitable under the circumstances.

## VII.  REQUEST FOR PLACE OF TRIAL

Pursuant to NECivR 40.1(b), Plaintiff hereby requests trial of this matter be held in Omaha, Nebraska.

*/s/ Matthew M. Munderloh*
Matthew M. Munderloh, NE No. 22698
JOHNSON & MOCK
307 N. Oakland Ave.
P.O. Box 62
Oakland, NE  68045
(402) 685-5647
fax (402) 685-5648
mmunderloh@johnsonandmock.com